IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOHN SMITH, | : |
| Plaintiff, | : |
| v. | : Civil No. 21-11787 (RBK/SAK) |
| FREDERICK MUTUAL INSURANCE COMPANY and DENNIS O'CONNOR T/A O'CONNOR BUILDERS, | : OPINION |
| Defendants. | : |

**KUGLER**, United States District Judge:

Before the Court is Defendant Frederick Mutual Insurance Company's Motion to Dismiss the Complaint (Doc. No. 4). For the reasons set forth below, the Motion is **GRANTED**.

**I.      BACKGROUND**

The following background is taken from the Complaint (Doc. No. 1).  Defendant Dennis O'Connor owned O'Connor Builders. Plaintiff John Smith was an independent contractor for O'Connor Builders. On April 24, 2017, Plaintiff was working as an independent contractor for and/or business invitee at 21 Knightwood Road, Burlington, New Jersey on behalf of Dennis O'Connor and O'Connor Builders. There, Plaintiff fell from the roof. Plaintiff alleges that the fall was caused by negligence on the part of Dennis O'Connor, O'Connor Builders, and their employee, and/or failure to have adequate safety protocol. There is a pending state-court personal injury action arising out of the April 24, 2017 fall.

At the time of the fall, Dennis O'Connor and O'Connor Builders held a liability insurance policy from Defendant Frederick Mutual Insurance Company ("Frederick Mutual"). Plaintiff

alleges that he was an intended third-party beneficiary of the policy. Frederick Mutual denied liability coverage to Dennis O'Connor and O'Connor Builders for the April 24, 2017 fall.

The only remedy sought in this action is a declaratory judgment designating the legal relationship between the Defendants. Plaintiff asks the Court to declare that: On April 24, 2017, Dennis O'Connor and O'Connor Builders had a contract with Frederick Mutual; liability coverage for O'Connor and O'Connor Builders was in effect and shall be afforded to them in a personal injury complaint filed by Plaintiff John Smith; Frederick Mutual is responsible for paying settlements and/or judgments for negligence found attributable to Dennis O'Connor and O'Connor Builders in Plaintiff's personal injury matter; and Frederick Mutual is responsible for Plaintiff's attorney's fees for this first party claim for coverage.

Plaintiff initially brought the Complaint in the Superior Court of New Jersey, and Defendant removed to this Court. (Doc. No. 1). Defendants seek dismissal for lack of standing and for failure to state a claim.

## II.   STANDARD OF REVIEW

This Court's power to hear cases "extends only to 'Cases' and 'Controversies.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 336 (2016) (citing U.S. Const. Art. III, § 2). "One element of the case-or-controversy requirement is that [plaintiffs], based on their complaint, must establish that they have standing to sue." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). The standing doctrine "limits the category of litigants empowered to maintain a lawsuit in federal court" and has "developed in our case law to ensure that federal courts do not exceed their authority as it has been traditionally understood." *Spokeo*, 578 U.S. at 338.

A motion to dismiss based on lack of standing is brought under Federal Rule of Civil Procedure 12(b)(1) because standing is jurisdictional. *Ballentine v. United States*, 486 F.3d 806,

810 (3d Cir. 2007). A motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) may either (1) "attack the complaint on its face" or (2) "attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). The plaintiff has the burden of proving that the court has subject matter jurisdiction. *Id.* If a court lacks subject matter jurisdiction, it must dismiss the case without prejudice. *Ellison v. Am. Bd. of Orthopaedic Surgery*, 11 F.4th 200, 203 (3d Cir. 2021).

## III.   DISCUSSION

This Court has discretion to issue declaratory judgments pursuant to the Declaratory Judgment Act. 28 U.S.C. § 2201. Because standing is jurisdictional, we begin with the question of whether Plaintiff has standing to bring a direct claim against Frederick Mutual. Defendant brings a facial attack on standing, arguing that Plaintiff as an injured party cannot bring a direct action against the injurer's insurance carrier. In New Jersey, third party beneficiaries are precluded from filing direct claims against insurers, absent an assignment of rights from the insured. *See, e.g., Ping Yew v. Penn Nat'l Ins.*, No. A-1526-19T4, 2020 N.J. Super. Unpub. LEXIS 2056, at *5 (Super. Ct. App. Div. Oct. 28, 2020) (citing *Murray v. Allstate Ins. Co.*, 507 A.2d 247, 248 (N.J. Super. App. Div. 1986) and *Biasi v. Allstate Ins. Co.*, 249 A.2d 18, 21 (N.J. Super. App. Div. 1969)); *President v. Jenkins*, 814 A.2d 1173, 1187 (N.J. Super. Ct. App. Div. 2003) ("[I]t is well recognized that an injured person possesses no direct cause of action against the insurer of the tortfeasor prior to recovery of judgment against the latter."). Whether Plaintiff is an employee or not, or a third-party beneficiary or not, he is "a stranger" to the policy and may not bring a claim against Frederick Mutual unless the insured assigns their rights to Plaintiff. *Accord Ross v. Lowitz*, 120 A.3d 178, 189 (N.J. 2015). Without an assignment of rights, we find that Plaintiff has not met his burden of showing that he has standing to pursue this action.

Plaintiff argues that a recent New Jersey Superior Court Appellate Division case counsels against this outcome. In *W.R. & S. v. K. G.*, two parents sued their son's girlfriend's family for various torts related to allegedly inappropriate behavior. *W.R. & S. v. K.G.*, No. A-1154-20, 2021 N.J. Super. Unpub. LEXIS 575, at *2 (Super. Ct. App. Div. Apr. 6, 2021). In that action, the plaintiffs made a discovery request for the defendants' insurance information. *Id.* at *3. The plaintiffs refused to proceed with substantive discovery until the defendants provided their insurance information and provided notice of the lawsuit to their insurer. *Id.* The defendants refused to notify their insurance carrier of litigation they believed to be frivolous. *Id.* The trial judge denied the plaintiffs' motion for an order compelling the defendants to report the claim to their insurance carrier because "third-party-beneficiary status cannot serve as a basis for plaintiffs' pursuit of their rights until they obtain a judgment." *Id.* at *10. The Appellate Division reversed, finding that the plaintiffs should not have to "just sit back and hope relief awaits at the end of the day" and that the defendants may be compelled to notify their insurance carrier. *Id.* at *11. To the extent *W.R.* holds that an injured person can bring a claim against the tortfeasor's insurance carrier, that holding is bound to instances where the tortfeasor refuses to notify the insurance carrier. *Id.* at *11. We are not tasked with the question of whether a party may be compelled to notify their insurance carrier of this legal action, so *W.R.* and its rationale are not informative here.

## IV.   CONCLUSION

Defendant's motion to dismiss is **GRANTED** and the Complaint is **DISMISSED** for lack of standing. An order follows.

Dated: 1/7/2022                                      /s/ Robert B. Kugler
                                                     ROBERT B. KUGLER
                                                     United States District Judge